### GIOVE et al. v. LEPCOFKER.

#### No. 1392.

Municipal Court of Appeals.

District of Columbia.

Argued Nov. 9, 1953.

Decided Dec. 4, 1953.

Louis H. Cohen, Springfield, Mass., for appellants.

George Greenberg, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellee, the buyer, recovered damages for breach of warranty in the sale of a set of automobile tires. Appellants, the sellers, base this appeal on two grounds: (1) no warranty was breached, (2) damages were incorrectly measured.

We think the evidence, while conflicting, is sufficient to support a finding of

260

breach of an implied warranty of fitness for a particular purpose. The requirements of such warranty are that, "the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment." Code 1951, § 28–1115(1). It is not disputed that the buyer upon purchasing from the sellers an automobile bearing black wall tires expressed a preference for white wall tires and agreed to pay an additional sum therefor; that the supposed white wall tires which the buyer then received were in fact not genuine white wall tires but were substitutes described at the trial by the buyer as black tires painted white and described by the sellers as "processed" white wall tires. The buyer's uncontradicted testimony was that after several months' use the white was rubbing off. From this evidence it is clear that the buyer made known, at least by implication, that his particular purpose in requesting white rather than black walls was for their difference in appearance. It was within the province of the trial court as trier of facts to accept as true the buyer's testimony that he contracted to purchase genuine white wall tires, after being shown a picture of a white wall tire by one of the sellers. This is sufficient to support a finding that the buyer relied upon the seller's skill and judgment in selecting the particular tires.

In challenging the amount of damages awarded, the sellers contended that the trial court was bound to find that the value of the substitute white wall tires actually received by the buyer was their retail sale price. However, the trial court found their value to be no more than that of the black wall tires originally on the automobile. Since there was sufficient testimony, as reflected by the statement of proceedings and evidence, to support the court's finding on this purely factual question, we cannot disturb it. We know of no rule of law that makes retail sale price the sole and conclusive measure of value of an article which is below its warranted quality.

Affirmed.